UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. DURANT,<br><br>        Petitioner,<br><br>   v.<br><br>GIGI MATTESON,<br><br>        Respondent. | Case No. 20-cv-02707-VC  (PR)<br><br>**ORDER TO SHOW CAUSE** |

On April 20, 2020, Petitioner Anthony L. Durant, an inmate at California State Prison Solano, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his judgment imposed in the Alameda County Superior Court. On May 7, 2020, he filed an amended petition and a motion for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005).

On August 31, 2020, the court issued an order denying without prejudice Durant's motion for a stay and abeyance. The order stated that, if Durant wished to file a second motion for a stay and abeyance to address the deficiencies noted in the order, he had 45 days from the date of the order in which to do so. The order also stated that, if Durant did not file a second motion within 45 days, the court would assume he decided to proceed only with the claims in his present petition. Forty-five days have passed, and Durant has not filed a second motion for a stay. Therefore, the court will proceed with the amended petition.

It does not appear from the face of the amended petition that it is clearly without merit. Good cause appearing, the court hereby issues the following orders:

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on Durant.

2. No later than sixty days from the date of this Order, Respondent shall file with this court and serve upon Durant an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.  If Durant wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on Respondent within thirty days of his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this court and serve upon Durant a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Durant shall file with the court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the court and serve on Durant a reply within fourteen days of receipt of an opposition.

4. It is Durant's responsibility to prosecute this case.  He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  He also must serve on Respondent's counsel all communications with the court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: November 27, 2020

_____
VINCE CHHABRIA
United States District Judge