UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. DURANT,<br><br>    Petitioner,<br><br>v.<br><br>GIGI MATTESON,<br><br>    Respondent. | Case No. 20-cv-02707-VC (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Anthony L. Durant has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 asserting the following claims: (1) instructional errors; (2) admission of inadmissible evidence; and (3) prosecutorial misconduct. Based on this Court's independent review, the California Court of Appeal described the record accurately, so the reader is assumed to be familiar with that description. For the following reasons, the petition is denied.

## STANDARD OF REVIEW

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*,

529 U.S. 362, 412 (2000). This is a highly deferential standard for evaluating state court rulings: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**DISCUSSION**

It was not objectively unreasonable for the state courts to conclude that the trial court's failure to give jury instructions on the heat of passion defense, self-defense, defense of others, imperfect self-defense, imperfect defense of others and accomplice liability did not violate Durant's constitutional rights. *See Hopper v. Evans*, 456 U.S. 605, 611 (1982); *United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009). *Walker v. Endell*, 850 F.2d 470, 475-76 (9th Cir. 1987) (omission of an instruction less likely to be prejudicial than a misstatement of the law).

It was not objectively unreasonable for the state courts to conclude that admission of evidence of "rumors on the street" about a "beef" between Durant and Sheppard did not violate Durant's constitutional rights. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (only if there are no permissible inferences that the jury may draw from the evidence can its admission even potentially violate due process).

It was not objectively unreasonable for the state courts to conclude that the prosecutor's conduct did not render the trial fundamentally unfair. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair"); *Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor").

Durant argues that, if his trial attorney's failure to object to each instance of alleged prosecutorial misconduct caused him to forego appellate review of the misconduct claims, his counsel rendered ineffective assistance. This claim is moot because the California Court of Appeal addressed the merits of each claim.

## CONCLUSION

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent and close the file.

**IT IS SO ORDERED.**

Dated: June 30, 2021

_____
VINCE CHHABRIA
United States District Judge